ACCEPTED
12-14-00258-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/27/2015 5:56:43 PM
Pam Estes
CLERK

*Nathan Sommers Jacobs*

October 27, 2015

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/27/2015 5:56:43 PM
PAM ESTES
Clerk

Hon. Pam Estes, Clerk
12th Court of Appeals
1517 West Front Street
Suite 354
Tyler, Texas 75702

**FILED**

10/27/2015

**Twelfth Court of Appeals**
**Pam Estes**
**Clerk**

By E-File

Re:    Case No. 12-14-00258-CV; *Danny Vines and Nancy Vines, Appellants v. Ray Durrett, Appellee*; In the Court of Appeals for the Twelfth District of Texas at Tyler

Dear Ms. Estes:

We represent Appellants Danny and Nancy Vines. During oral argument on October 22, 2015, Justice Hoyle requested a letter brief addressing whether there is precedent to bind Appellee, a non-signatory, to a Federal Arbitration Act arbitration clause (the "Arbitration Clause") found in the limited liability company agreement (the "LLC Agreement") (*See* 9 RR, at Exhibit 6). This letter brief is responsive to the Court's request.

Appellants respectfully request that a copy of this letter brief be distributed to the Justices serving on the panel for this matter.

**A.  Direct benefits estoppel applies to Appellee**

Direct benefits estoppel requires a non-signatory to arbitrate its claims when the non-signatory relies on, claims benefits under, or seeks to enforce a contract containing an arbitration provision. *Wash. Mut. Fin. Grp. v. Bailey*, 364 F.3d 260, 267 (5th Cir. 2004). Stated another way, direct benefits estoppel provides that a non-signatory to a contract is estopped from simultaneously attempting to seek benefits from the contract while attempting to avoid the contract's obligation to arbitrate disputes. *Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005).

**Attorneys and Counselors**
2800 Post Oak Boulevard
61st Floor
Houston, Texas 77056

*tel*    713.960.0303
*fax*    713.892.4800
www.nathansommers.com

Direct: 713.892.4843
E-Mail: ggibson@nathansommers.com



In *Washington Mutual*, the Fifth Circuit described the rationale of estopping a non-signatory from avoiding an arbitration clause in a contract it seeks to enforce:

> In the arbitration context, the doctrine [of estoppel] recognizes that a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him. To allow [a plaintiff] to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the [Federal] Arbitration Act.

364 F.3d at 267-68.

In our matter, the LLC Agreement contains the Arbitration Clause. Appellee brought breach of contract and fraud claims against the Appellants. At trial, Appellee contended that Appellants breached the contract by not selling to Appellee what he believed he was purchasing under a letter agreement between the parties (the "Letter Agreement") (*See* 9 RR, at Exhibit 1). Additionally, Appellee contended at trial that Appellants committed fraud because the LLC Agreement allegedly prohibited Appellants from transferring ownership in the LLC, which was contrary to what Appellee believed he was purchasing under the Letter Agreement. *See* 5 RR, at Pages 109-111, 146-147, 165, 222 and 6 RR, at Page 76. Appellee sought to claim the benefits of the LLC Agreement.

Appellee deliberately sought the benefits from provisions of the LLC Agreement and Appellee relied on and referred to the LLC Agreement as evidence at trial in support of his causes of action. *See In re Weekley Homes*, 180 S.W.3d 127, 130 (Tex. 2005) (claims must be arbitrated if liability must be determined by reference to the contract). Appellee's claims are intimately founded in and intertwined with the obligations allegedly imposed by the LLC Agreement. Appellee put the LLC Agreement and interpretation of its provisions squarely in issue at trial; Appellee contended that the LLC Agreement prohibited Appellants' conduct. Appellee should be compelled to arbitrate under the doctrine of direct benefits estoppel.



Appellee introduced evidence of the meaning of the provisions of the LLC Agreement and made arguments about their effects. The LLC Agreement was integral to Appellee's claims at trial; he is bound by the arbitration agreement contained therein because his claims against Appellants are intimately founded in the LLC Agreement.

## B. Authority in support of Appellants

### *Smith v. Kenda Capital, L.L.C.*

*Smith v. Kenda Capital, LLC*, 451 S.W.3d 453 (Tex. App.—Houston [14th Dist.] 2014, no pet.) is instructive.

The Fourteenth Court of Appeals compelled compliance with a forum selection clause under a similar set of circumstances. "Reference to cases addressing the applicability of arbitration clauses is appropriate when examining whether particular claims or parties fall within a forum selection clause's reach." *Id.* at 457 (citation omitted). "Arbitration cases are germane because arbitration clauses are 'another type of forum-selection clause.'" *Id.* (citations omitted)

Smith, a former employee, filed suit against his employer for fraudulent inducement. Smith had signed an agreement with the parent company of his employer that entitled Smith to certain profit sharing certificates (the "Carry Agreement"). Thereafter, Smith entered into a contract with the subsidiary which provided for his employment (the "Employment Agreement"). Both agreements contained a forum selection clause; Smith contended that the forum selection clause in the Carry Agreement was inapplicable.

Smith contended that misrepresentations and omissions by the former employer gave him an erroneous belief regarding what he would be entitled to receive under the Carry Agreement. He thought that the certificates he would receive as part of his compensation were more valuable than they really were. *Id.* at 459. *Smith* found that Smith's fraudulent inducement claim necessarily referenced and presumed the existence of the Carry Agreement because the dispute inquired into whether Smith had a right to receive the certificates under the Carry Agreement. *Smith* held that Smith was bound by the forum selection clause in the Carry Agreement because his fraud claim relied on certain terms within such agreement.



Similar to our matter, Appellee must reference and presume the existence of the LLC Agreement. Appellee used the LLC Agreement as evidence to support whether Appellants could deliver to Appellee an ownership interest in the LLC. Appellee sought to enforce some provisions of the LLC Agreement and also avoid the Arbitration Clause. But, Appellee "cannot both have his contract and defeat it, too." *Weekley*, 180 S.W.3d at 135.

### *Antonio Leonard TNT Prods., LLC v. Goosen-Tutor Promotions, LLC*

*Antonio Leonard TNT Prods., LLC v. Goosen-Tutor Promotions, LLC*, 47 F.Supp.3d 500 (S.D. Tex. 2014) stands for the proposition that plaintiff is estopped from avoiding an arbitration provision in an agreement where that agreement is integral evidence to plaintiff's case.

In *Antonio*, plaintiff sued defendant alleging that defendant had breached an oral agreement to co-promote certain boxing matches. Defendant had a written agreement, to which plaintiff was not a party, which gave defendant the exclusive right to promote the boxing matches of a certain boxer. That agreement contained an arbitration provision. The court held that plaintiff was bound by that arbitration provision, because his oral agreement necessarily depended on the performance of the written agreement.

### *Parker v. Schlumberger Tech. Corp.*

In *Parker v. Schlumberger Tech. Corp.*, --S.W.3d --, No. 01-14-01018-CV, 2015 WL 5460401 (Tex. App.—Houston [1st Dist.] Sept. 17, 2015, no pet. h.), the court held that plaintiff was bound by the arbitration clause in a purchase agreement (the "Purchase Agreement") because that agreement required the execution of the employment agreement (the "Employment Agreement") at issue and on which plaintiff sued. The plaintiff purchased an oil services company through the Purchase Agreement. That sale required certain top employees of the oil services company to execute employment agreement with plaintiff; the employment agreements did not contain arbitration clauses. Plaintiff sued one such employee for breach of the Employment Agreement. The Court compelled plaintiff to arbitrate its claims because the Purchase Agreement required the execution of the Employment Agreement and plaintiff had relied on the Purchase Agreement in its demand letter to the employee.



### *Meyer v. WMCO-GP, LLC*

Similarly, the Texas Supreme Court has compelled a party to arbitrate its claims against a non-signatory defendant where the plaintiff's claims depended on construction of an agreement containing an arbitration clause. In *Meyer v. WMCO GP, LLC*, 211 S.W.3d 302 (Tex. 2006), the Court held that plaintiff was required to arbitrate its claims against defendants who were not parties to the agreement that contained the arbitration provision. The rationale was that plaintiff's claims would be preempted by defendants' interpretation of such agreement even though the plaintiff was not suing under such agreement

Performance under the Letter Agreement was only required insofar as profits flowed to Appellants through the LLC Agreement, and then, to Appellee through the Letter Agreement. Therefore, Appellants were only required to perform under the Letter Agreement if income flowed to them through the LLC Agreement. Moreover, a key piece of evidence relied on by Appellee in both his breach of contract and fraud claims is the term within the LLC Agreement which allegedly prohibits transfer of ownership interest in the LLC. Durrett introduced evidence of the meaning of the LLC Agreement and made arguments about its effects. The LLC Agreement was integral to Appellee's claims. Appellee is bound by the Arbitration Clause contained within the LLC Agreement because his claims are intimately founded in and intertwined with the obligations allegedly imposed by the LLC Agreement.

There is precedent to bind Appellee to the Arbitration Clause under the doctrine of direct benefits estoppel.

Sincerely,

George R. Gibson



c:

Clayton E. Dark, Jr.                                    By E-Mail cekrad@yahoo.com
Law Office of Clayton E. Dark, Jr.
P. O. Box 2207
Lufkin, Texas 75902

Curtis (Curt) W. Fenley III                            By E-Mail cfenley@fenley-bate.com
Fenley & Bate, L.L.P.
P. O. Box 450
Lufkin, Texas 75902-0450